| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter  **7**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | Debtor's name | **C-Stacks Inc.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **DBA   CreditStacks**<br>**DBA   Jasper**<br>**DBA   Jaspercard**<br>**DBA   Black Label** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-5203075** |

| | | | |
|---|---|---|---|
| 4. | Debtor's address | **Principal place of business**<br><br>**251 Little Falls Drive**<br>**Wilmington, DE 19808**<br>Number, Street, City, State & ZIP Code<br><br>**New Castle**<br>County | **Mailing address, if different from principal place of business**<br><br>**9450 SW Gemini Dr.**<br>**Beaverton, OR 97008**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | **www.jaspercard.com; www.black-label.io** |
| 6. | Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **C-Stacks Inc.**                                      Case number (*if known*) _____
         Name

**7. Describe debtor's business**

A. *Check one:*

- [ ] Health Care Business (as defined in 11 U.S.C. § 101(27A))
- [ ] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- [ ] Railroad (as defined in 11 U.S.C. § 101(44))
- [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
- [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
- [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
- [x] None of the above

B. *Check all that apply*

- [ ] Tax-exempt entity (as described in 26 U.S.C. §501)
- [ ] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- [ ] Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5222__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11. *Check **all** that apply*:

  - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] A plan is being filed with this petition.
  - [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - [ ] The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - [ ] The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- [ ] Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- [x] No.
- [ ] Yes.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- [x] No
- [ ] Yes.

Debtor __C-Stacks Inc._____  Case number (*if known*)_____
     Name

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____  When _____  Case number, if known _____

**11. Why is the case filed in *this district*?**  *Check all that apply:*
- [✓] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
- [✓] No
- [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)
- [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- [ ] It needs to be physically secured or protected from the weather.
- [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- [ ] Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
- [ ] No
- [ ] Yes.  Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**  *Check one:*
- [ ] Funds will be available for distribution to unsecured creditors.
- [✓] After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
- [✓] 1-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [ ] 1,000-5,000
- [ ] 5001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] More than 100,000

**15. Estimated Assets**
- [ ] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [✓] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

**16. Estimated liabilities**
- [ ] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [✓] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

| Debtor | C-Stacks Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/25/2023
              MM / DD / YYYY

**X**   /s/ David Mes                                         **David Mes**
Signature of authorized representative of debtor              Printed name

Title   **CEO**

**18. Signature of attorney**

**X**   /s/ Aaron H. Stulman                                  Date   04/25/2023
Signature of attorney for debtor                                     MM / DD / YYYY

**Aaron H. Stulman**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 N. Market Street, 6th Floor, Wilmington Delaware 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 984-6000**        Email address   **astulman@potteranderson.com**

**5807 DE**
Bar number and State

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
**District of Delaware**

In re **C-Stacks Inc.**              Case No.
           Debtor(s)            Chapter   **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | |
    |---|---|
    | For legal services, I have agreed to accept | $ **10,338.00** |
    | Prior to the filing of this statement I have received | $ **10,338.00** |
    | Balance Due | $ **0.00** |

2. The source of the compensation paid to me was:

    ☑ Debtor     ☐ Other (specify):

3. The source of compensation to be paid to me is:

    ☑ Debtor     ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    b. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

4/25/2023                                /s/ Aaron H. Stulman
*Date*                                      **Aaron H. Stulman**
                                             *Signature of Attorney*
                                             **Potter Anderson & Corroon LLP**
                                             **1313 N. Market Street, 6th Floor**
                                             **Wilmington Delaware 19801**
                                             **(302-984-6000)**
                                             **astulman@potteranderson.com**
                                             *Name of law firm*

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
**District of Delaware**

In re  **C-Stacks Inc.**  
                           Debtor(s)

Case No.  
Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **31,779.50** |
   | Prior to the filing of this statement I have received | $ **31,779.50*** |
   | Balance Due | $ **0.00** |

2. The source of the compensation paid to me was:

   ☑ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ☑ Debtor    ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| 4/25/2023 | /s/ Zev Shechtman |
| *Date* | **Zev Shechtman (Pending Pro Hac Vice)** |
| | *Signature of Attorney* |
| | **Danning, Gill, Israel & Krasnoff, LLP** |
| | **1901 Avenue of the Stars, Suite 450** |
| | **Los Angeles, CA 90067-6006** |
| | **(310) 277-0077  Fax: (310) 277-5735** |
| | **zs@danninggill.com** |
| | *Name of law firm* |

---

*Danning, Gill, Israel & Krasnoff, LLP (the "Firm") was paid $11,779.50 for pre-bankruptcy counseling services. The Firm subsequently was paid $20,000 as a flat fee for Chapter 7 bankruptcy services.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| C-Stacks Inc., | Case No. 23-_____ (___) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(1) and 7007.1**

I, David Mes, Chief Executive Officer of C-Stacks Inc. (the "Debtor") hereby state pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure that the following corporate entities directly or indirectly own 10% or more of the Debtor's member interests.

| EQUITY HOLDER | PERCENTAGE OF TOTAL EQUITY |
|---|---|
| Benslie International Ltd. | 22.35% |
| Southern Israel Bridging Fund Two LP | 13.27% |
| Strathmore Trading Corp. | 18.74% |

Dated: April 25, 2023

Signature: ____/s/ David Mes_____
David Mes, Chief Executive Officer
**C-Stacks Inc.**

**Resolution and Unanimous Written Consent of the Board of Directors
of
C-STACKS INC.**

The Board of Directors (the "Board") of C-Stacks Inc. (the "Corporation") hereby certifies that, in accordance with the authority vested in the Board of Directors of the Corporation, the Board of Directors of the Corporation adopts the following Resolutions through this written consent dated April 24, 2023, in lieu of holding a meeting, and all the actions taken herein shall have the same force and effect as if they were taken and adopted at a meeting of the Board:

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Corporation and the Corporation's business on the date hereof, including the historical performance of the Corporation, the assets of the Corporation, the present and future liabilities of the Corporation, the market for the Corporation's products, services, and assets, the disappearance of near-term funding options and market conditions.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interest of the Corporation, its creditors, employees, stockholders and other interested parties that a petition be filed by the Corporation seeking relief under the provisions of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"); and

**RESOLVED**, that the Chief Executive Officer of the Corporation, David Mes (an "Authorized Officer") be, and hereby is, authorized on behalf of the Corporation to execute, verify and file all petitions, schedules, lists and other papers or documents, and to take and perform any and all further actions and steps that such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 7 case, with a view to the successful prosecution of such case; and

**RESOLVED**, that the Authorized Officer, on behalf of the Corporation, is authorized, empowered and directed to pay and retain the law firm of Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill") to represent and assist the Corporation in carrying out its duties under chapter 7 of the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights in connection therewith, including the engagement of other counsel and professionals, such as local Delaware counsel, and the Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate legal fees and expenses to effectuate such actions; and

**RESOLVED**, that the Authorized Officer be, and hereby is, authorized on behalf of the Corporation to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, or affidavits, to appear, testify and attend any hearings or other judicial proceedings, and to take any and all actions and steps deemed by such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 7 case; and

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer or the directors of the Corporation in the name and on behalf of the Corporation in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

In Witness Whereof, the undersigned members of the Board of the Corporation have executed this resolution and unanimous written consent as of the date first written above.

**BOARD OF DIRECTORS:**

_____
Francisco Alvarez Morphy, Director

_____
Mark Goines, Director

_____
Saar Wilf, Director

1713481.1  27137